1   **WO**

2

3

4

5                                    **NOT FOR PUBLICATION**

6                    IN THE UNITED STATES DISTRICT COURT

7                         FOR THE DISTRICT OF ARIZONA

8

9   Robert Gonzales Robin,                    )    No. CV-09-0955-PHX-FJM
                                              )
10              Petitioner,                    )    **ORDER**
                                              )
11  vs.                                        )
                                              )
12                                             )
    Charles Ryan, et al.,                      )
13                                             )
                Respondents.                   )
14                                             )
    _____       )

15

16

17          The court has before it petitioner's petition for writ of habeas corpus pursuant to 28

18  U.S.C. § 2254 (doc. 1), respondents' response (doc. 11), and petitioner's reply (doc. 14). We

19  also have before us the report and recommendation of the United States Magistrate Judge

20  recommending that the petition for writ of habeas corpus be denied (doc. 15), and petitioner's

21  objection (doc. 16).  After *de novo* consideration of the issues, we accept the recommended

22  decision of the Magistrate Judge pursuant to Rule 8(b), Rules Governing § 2254 Cases.

23          Petitioner pled guilty to second-degree murder and was sentenced to between 75 years

24  to 75 years and 1 day imprisonment, commencing March 14, 1974.  Petitioner escaped from

25  the Arizona Department of Corrections on November 6, 1983 and remained at large for

26  nearly 12 years until his capture on October 13, 1995.  At the time of his escape, petitioner

27  was scheduled for release in 2005.  After his return to custody, the Arizona Department of

28  Corrections recalculated his release date as July 11, 2017.  Petitioner now contends that he

1    is being held illegally beyond his original release date because the State extended his

2    sentence without providing him meaningful access to the courts, and without affording him

3    notice and a hearing as required by the Due Process Clause.

4         While petitioner's absence does not itself establish criminal culpability, it certainly

5    establishes an interruption in service of his sentence. See Anderson v. Corall, 263 U.S. 193,

6    196, 44 S. Ct. 43, 44 (1923) (stating that time spent on escape does not constitute service of

7    sentence). An interruption in service of sentence, in turn, supports an adjustment to the

8    release date to reflect the time petitioner was absent. The recalculation of petitioner's

9    sentence was not a punitive measure based on a finding of criminal culpability. It did not

10   increase the severity of his original sentence. Instead, it was an administrative recalculation

11   of his release date to reflect the number of days he was absent from custody. It violated

12   neither his right of access to the courts nor his due process rights.[1]

13        Therefore, we accept the report and recommendation of the United States Magistrate

14   Judge (doc. 15). **IT IS ORDERED DENYING** petitioner's petition for writ of habeas

15   corpus (doc. 1). Because petitioner has not made a substantial showing of the denial of a

16   constitutional right, **IT IS FURTHER ORDERED DENYING** a Certificate of

17   Appealability and leave to proceed *in forma pauperis* on appeal.

18        DATED this 25th day of January, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

---

[1]Petitioner has conceded that his Sixth Amendment claim is without merit. See
Objection at 6.